MoIlvaine, J.
• This cause was before this court, at a former term, upon a petition in error by Conley, to reverse a judgment that had been rendered against him in the action, and is reported in Conley v. Chilcote, 25 Ohio St. 320. It was there held, that a garnishee, under the statute, is bound from the time of service of notice of garnishment at his usual place of residence, and the subsequent payment to the defendant in attachment of money due him, by an agent who had knowledge of the attachment, in pursuance of previous authority, did not release the garnishee, although such payment was made before actual notice to him of the pendency of the attachment. It was also decided in that case, that, in such action, it was not an available defense for the garnishee to show that the defendant in attachment was entitled to and might have selected and held the money in his hands, under the exemption laws of the state, from seizure by process of attachment. The ground upon which this last point was resolved, was, that the right to select and hold property exempt from seizure was a personal privilege granted to the defendant in attachment, and hence the garnishee had no right to interpose such claim of right as matter of defense in an action against him.
These rulings being decisive of the case as it then appeared ,on the record, the judgment below was reversed, and the cause remanded to the court of common pleas for further proceedings.
Afterward, in the court of common pleas, it being shown that MeRill was a resident of Ohio, the head of a family and not the owner of a homestead, and that he had selected and claimed the money in the hands of Chilcote, at the time of the attachment, as exempt from being applied to the payment of the plaintiff’s claim, under section 8 of the homestead act, as amended March 22, 1858 (then in force in respect to such claim), the defendant Chilcote moved the court that MeRill be made a party defendant, with leave to assert his claim to such exemption. This motion was overruled. Thereupon said MeRill' asked leave of the court to appear and answer in the action by claiming such exemption, which leave was refused. To all of which exceptions were taken by defendant.
*548 Judgment was afterwards rendered against the defendant. A bill of exceptions setting out all the testimony was taken. The judgment of the court of common pleas was afterward affirmed by the district court. This proceeding is now prosecuted to reverse the judgment of the district and common pleas courts.
Upon the facts how stated in the record, we think that McRill was entitled to select the “ money ” in the hands of Chilcote, as “ personal property,” and hold the same exempt from seizure by attachment. This results from the reasonable and proper construction of the statutory provisions upon the subject. By section 30 of the justices’ act (S. & C. 776) it is provided that the order of attachment shall require the officer “ to attach the goods, chattels, stocks, or interests in stocks, rights, credits, moneys and effects of the defendant in his county, not exempt by law from being applied to the payment of the plaintiff’s claim.” By section 37 of the same act, it is quite clear that the same descriptions of property, and no other, may be seized by garnishment, when the plaintiff makes oath in writing, “ that he has good reason to believe, and does believe, that any person or corporation to be named and within the county where the action is brought, has property of the defendant (describing the same) in his possession.” Thus exempting from seizure by attachment, in any way, property of the defendant (including “ moneys ”) which is “ exempt by law from being applied to the payment of plaintiff’s claim.” By section 8 of the homestead act (above referred to) it is provided, “ That it shall be lawful for any resident of Ohio, being the head of a family and not the owner of a homestead, to hold exempt from execution or sale as aforesaid, personal property to be selected by such person, not exceeding three hundred dollars in value, in addition to the amount of chattel property now. by law exempt.” This provision should be liberally construed and with a view of placing all debtors of the class upon a footing of equality. Hence, personal property, as in section 37 of the justices’ act, should be held to include “ moneyand the phrase, “ exempt from execution or sale,” should be construed to mean, in the language of section 30 of *549 said act, “ exempt by law from being applied to the payment of the plaintiff’s claim.” So that, under his proceedings in attachment, by garnishment, the plaintiff in the original action acquired no right to have the money in the hands of Chilcote applied to the payment of his claim against McRill, if at any time before such application was in fact made, McRill, the debtor, selected the same to be held exempt from such application.
If Chilcote were compelled, in this suit, to pay this money to Conley, no doubt he would have his action against McRill for money paid for his use; but it is quite clear that the money now in McRill’s hands would be exempt from the payment of the judgment recovered in the case.
This action, however, was brought by the plaintiff to compel such application, on the theory that the money was still in the hands of the garnishee, and we think it was the right of McRill as well as of the defendant, that he should have been permitted in the court below to show his selection of the money in controversy, and assert his right to hold the same exempt from being applied to the payment of plaintiff’s claim.

Judgments below reversed and cause remanded.